UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2761 PA (KSx)<br>CV 24-2879 PA (KSx)<br>CV 24-2890 PA (KSx)<br>CV 24-2898 PA (KSx)<br>CV 24-3258 PA (KSx)<br>EDCV 24-847 PA (KSx) | CV 24-2860 PA (KSx)<br>CV 24-2885 PA (KSx)<br>CV 24-2894 PA (KSx)<br>CV 24-2967 PA (KSx)<br>CV 24-3573 PA (KSx)<br>SACV 24-848 PA (KSx) | Date | June 7, 2024 |
|---|---|---|---|---|
| Title | Graciela Rodriguez v. City of Hope National Medical Center | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs:<br>None | | Attorneys Present for Defendants:<br>None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

This Order to Show Cause concerns the twelve class action complaints filed against the City of Hope National Medical Center ("City of Hope") relating to a data breach that the City of Hope disclosed to its patients on April 2, 2024, that took place between September 19 and October 12, 2023 ("Data Breach"). All twelve of these cases have been transferred to this Court as cases related to Graciela Rodriguez v. City of Hope National Medical Center, CV 24-2761 PA (KSx).

On May 7, 2024, the Court ordered City of Hope to submit to the Court a statement establishing its state of incorporation and principal place of business. The Court additionally ordered City of Hope to submit information concerning the patients or former patients that were notified of the Data Breach, so that the Court could determine the applicability, if any, of 28 U.S.C. § 1332(d)(4)(B). (Docket No. 18.)

City of Hope filed its response to the Court's May 7, 2024 Order on May 15, 2024. (Docket No. 20.) City of Hope confirmed its California citizenship, and also provided the following information:

1. City of Hope identified 815,687 individuals impacted by the data breach;

2. City of Hope provided notice by mail to 689,385 individuals for whom they had last known mailing addresses;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2761 PA (KSx)    CV 24-2860 PA (KSx) | Date | June 7, 2024 |
|---|---|---|---|
| | CV 24-2879 PA (KSx)    CV 24-2885 PA (KSx) | | |
| | CV 24-2890 PA (KSx)    CV 24-2894 PA (KSx) | | |
| | CV 24-2898 PA (KSx)    CV 24-2967 PA (KSx) | | |
| | CV 24-3258 PA (KSx)    CV 24-3573 PA (KSx) | | |
| | EDCV 24-847 PA (KSx)   SACV 24-848 PA (KSx) | | |
| Title | Graciela Rodriguez v. City of Hope National Medical Center | | |

3. City of Hope provided "substitute notice" to the remaining 126,302 individuals;[1]

4. Out of the individuals with mailing addresses, 609,929 or 88.47% had California mailing addresses;

5. Out of the notices sent to individuals with mailing addresses, 76,329 notices, or 12.5% were returned;

6. 67,625 or 82% of the returned notices had been mailed to individuals with California addresses; and

7. City of Hope is "in the process" of identifying individuals that are currently deceased but that were provided notice (either by mail or by "substitute notice").

City of Hope concluded that "[a]fter factoring in returned mail that was sent to California addresses, approximately 66% of the total notified data subjects had a last known mailing address in California." This conclusion, however, relies on the assumption that none of the individuals notified by "substitute notice" have an address in California and that none of those who had California addresses, but had their mail returned, remain in California. City of Hope provides no reason to believe that this is the case, or why this number would not actually be similar to the percentage of individuals with known mailing addresses in California (88.47%). Even if this group consisted of only 10% or 20% of individuals with California addresses, the actual percentage of California class members would likely be far higher than the 66% figure cited by City of Hope.

Based on the Court's review of the complaints and this information, it appears that both of the home state exceptions to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3) and (d)(4) may apply in this case. Accordingly, the Court orders the parties to show cause why the Court should not dismiss these actions under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of 28

---

[1] City of Hope does not provide any additional information regarding the form or result of the "substitute notice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2761 PA (KSx)   CV 24-2860 PA (KSx)<br>CV 24-2879 PA (KSx)   CV 24-2885 PA (KSx)<br>CV 24-2890 PA (KSx)   CV 24-2894 PA (KSx)<br>CV 24-2898 PA (KSx)   CV 24-2967 PA (KSx)<br>CV 24-3258 PA (KSx)   CV 24-3573 PA (KSx)<br>EDCV 24-847 PA (KSx)   SACV 24-848 PA (KSx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Graciela Rodriguez v. City of Hope National Medical Center | | |

U.S.C. § 1332(d)(3). The parties' briefs should be filed no later than June 21, 2024. The parties' Stipulation to Consolidate remains under submission pending the Court's review of the responses to this Order to Show Cause.

    IT IS SO ORDERED.